Case 3:16-cv-00848-MMH-JRK   Document 4   Filed 07/01/16   Page 1 of 2 PageID 32

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JAMES HUSKEY,

    Plaintiff,

v.                                              Case No. 3:16-cv-848-J-34JRK

WASTE PRO OF FLORIDA, INC.,

    Defendant.
_____/

## O R D E R

**THIS CAUSE** is before the Court sua sponte. Upon review of Defendant's Notice of Removal (Doc. 1; Notice) and the record from the state court proceedings, which Defendant attached to the Notice, it appears that the Notice is untimely. Plaintiff originally brought this action in the Circuit Court in and for Putnam County, Florida. See Complaint for Damages (Doc. 2; Complaint). The docket and summons from the state court proceedings indicate that Defendant was served with the Complaint on May 27, 2016. See State Court Record (Doc. 1-1) at 1, 7. Defendant filed its Notice in this Court on June 28, 2016. See Notice at 1. The statute governing removal procedure states, in relevant part:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .

28 U.S.C. § 1446(b). Defendant filed its Notice thirty-two days after being served in this matter, and therefore does not appear to have complied with § 1446(b).[1]

---

[1] Thirty days from the date of service was Sunday, June 26, 2016. Thus, Defendant had until Monday, June 27, 2016, to file its Notice of Removal. See Rule 6(a)(1)(C), Federal Rules of Civil Procedure.

In light of the foregoing, to the extent that Plaintiff believes removal of this action is improper, Plaintiff may file a motion to remand the matter to the state court on or before **July 28, 2016.** If Plaintiff fails to file a timely motion to remand, such failure may be construed as a waiver of any right to challenge the removal of this case.[2]

**DONE AND ORDERED** at Jacksonville, Florida, this 1st day of July, 2016.

*Marcia Morales Howard*
**MARCIA MORALES HOWARD**
United States District Judge

lc11
Copies to:

Counsel of Record

---

[2] A "district court may not sua sponte remand a case based upon a procedural defect. See Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP, 365 F.3d 1244, 1245 (11th Cir. 2004) (per curiam). Accordingly, while the Court may remand sua sponte for lack of subject matter jurisdiction, the Court "must wait for a party's motion before remanding a case based on [a] procedural defect" in the removal process. Whole Health Chiropractic & Wellness, Inc. v. Humana Med. Plan, Inc., 254 F.3d 1317, 1320-21 (11th Cir. 2001). However, a plaintiff may waive such procedural defects by failing to move to remand within thirty days of the removal. See id.; see also 28 U.S.C. § 1447(c). The requirement that removal be timely is procedural and may therefore be waived. See Corp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc., 561 F.3d 1294, 1297 (11th Cir. 2009) (quotation omitted) (the timeliness of removal, which "'does not go to the question of whether the case originally could have been brought in federal district court,'" is a procedural, not a jurisdictional, defect).